IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 1:13cr83-HSO-RHW-1 |
| | § | |
| BRANDY ANN JARRELL | § | |

## ORDER DENYING DEFENDANT BRANDY ANN JARRELL'S MOTION [71] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Brandy Ann Jarrell's Motion [71] for Compassionate Release. For the reasons that follow, the Motion should be denied.

### I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on November 7, 2013, Defendant Brandy Ann Jarrell ("Defendant" or "Jarrell") pleaded guilty to Count 1 of the Indictment in this case, which charged that Jarrell,

> aided and abetted by others known and unknown to the Grand Jury, intentionally devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and in furtherance thereof, did use and cause to be used the United States mails and private and commercial interstate carriers for the purpose of executing the scheme and attempting to do so.

Indictment [1] at 1.

On May 5, 2014, the Court sentenced Jarrell to a 6-month term of imprisonment and a 3-year term of supervised release. *See* J. [32] at 1-3. Jarrell's supervised release has been revoked twice. *See* Mar. 24, 2017, Minute Entry; J. on

Revocation [56] at 1-4; Apr. 24, 2019, Minute Entry; J. on Revocation [70] at 1-3. Upon her second revocation, Jarrell was sentenced to the custody of the Bureau of Prisons ("BOP") for a 24-month term of imprisonment. *See* J. on Revocation [70] at 3. Jarrell's current projected release date is November 8, 2020. *See* Mot. [71] at 2; Resp. [79] at 5.

On June 1, 2020, Jarrell filed a pro se Motion [71] for Compassionate Release due to her "health issues during this trying time of COVID-19." Mot. [71] at 1. Jarrell asks to be released so that she can "go home and help [her] elderly grandparents" and "receive proper medical care." *Id.* at 2. According to Jarrell, she "followed [her] chain of relief with no response." *Id.*; *see also* Letter [75] at 1-4.

The Government opposes Jarrell's Motion, arguing that it should be denied without prejudice because Jarrell has failed to exhaust administrative remedies. *See* Resp. [79] at 7-11. The Government asserts that prison records indicate that no proper request was made. *See id.* at 11 (citing Ex. "C" at 1-2). The Government argues that, if the Court reaches the merits of Jarrell's Motion, it should be denied because Jarrell has not demonstrated any extraordinary and compelling reasons exist to warrant a sentence reduction. *See id.* at 11-13. Further, the Government asserts that Jarrell still poses a significant danger to the public and that the 18 U.S.C. § 3553(a) factors weigh against her release. *See id.* at 14-15.

Jarrell filed a Reply [82], through counsel, arguing that she has met the exhaustion requirement, *see* Reply [82] at 8-10, and that the COVID-19 outbreak presents a compelling and extraordinary circumstance warranting her

compassionate release, *see id.* at 10-23. Jarrell asks the Court to "to resentence [her] to a term of supervised release for the remainder of her sentence with a condition of home confinement." *Id.* at 25.

## II. DISCUSSION

A. Whether Jarrell has exhausted her administrative remedies

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>     (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). The Court has interpreted the phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is only satisfied when 30 days have passed from the date the warden receives the request and BOP has not taken any action on it. *United States v. Allen,*

3

1:15-cr-36-HSO-JCG-1, ECF 70 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020).

      Jarrell has submitted a Declaration [82-1] with her Reply [82] in which she avers that she e-mailed the Warden on May 19, May 20, and May 22, 2020, but received no response. Decl. [82-1] at 2. According to Jarrell, she e-mailed the Warden another time on May 27, 2020, and the Warden responded that her "request was kicked back to unit team Mr. Holler." *Id.* Jarrell states that she e-mailed the Warden again on May 31, 2020, and the Warden responded on June 1, 2020, repeating that her "request was kicked back to unit team Mr. Holler." *Id.* Jarrell claims that she then e-mailed the Warden on June 11, 2020, and the next day, the Warden responded "that there was no BP9 on file. Go back to unit team." *Id.* Jarrell states that "[t]he BP9 was turned in on 6/10/2020 . . . ." *Id.*

      The Government has presented evidence that prison records indicate that Jarrell has made no such requests to the Warden. Resp. [79] at 11 (citing Ex. "C" at 1-2). Even if Jarrell first made her request to the Warden on May 19, 2020, the first specific date she references in her Declaration, Jarrell filed her Motion [71] before 30 days had lapsed following that request. *See* Mot. [71] (filed June 1, 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i). Jarrell therefore did not exhaust her administrative remedies under the statute before filing her Motion [71] in this Court, and the Government seeks denial of Jarrell's Motion on this basis. Jarrell's Motion is not well taken and should be denied for failure to exhaust. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

B.   <u>Whether Jarrell has identified "extraordinary and compelling circumstances" justifying her release</u>

Even if Jarrell had exhausted her administrative remedies, she has not shown that she is entitled to compassionate release. A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement issued by the Sentencing Commission is contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. *See* U.S.S.G. § 1B1.13. Under § 1B1.13(1)(A), a reduction is appropriate when a court determines that extraordinary and compelling reasons warrant a reduction, and the defendant is not a danger to the safety of any other person or the community. *Id.*

According to Application Note 1 of §1B1.13, the following are deemed extraordinary and compelling reasons warranting a reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D).

In this case, Jarrell argues that her release is warranted due to a litany of underlying health conditions, *see* Mot. [71] at 1; Reply [82] at 2, 12, and the fact that "[s]he cannot self-quarantine or partake in 'social distancing' in his [sic] prison

5

facility," Reply [82] at 22. Jarrell plans to return to Biloxi, Mississippi, to live with her grandparents. *See id.* at 24-26. She maintains that the § 3553(a) factors also support her early release because she "has not been charged or convicted of a crime of violence." *Id.* at 25.

The Government has presented evidence that Jarrell is receiving treatment for all known medical conditions. *See* Resp. [79] at 14; Ex. "B" [81] at 1-151 (medical records filed restricted access). There is no indication that Jarrell is suffering from any serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." U.S.S.G. 1B1.13 cmt. n. 1(A)(ii).

With regard to COVID-19, Jarrell has not identified reasons warranting her release other than a generalized fear of contracting COVID-19 while incarcerated. Jarrell's arguments are general and are not specific to her circumstances, and courts that have considered this question are in agreement that such generalized concerns of contracting COVID-19 are not "extraordinary and compelling reasons" justifying release. *See United States v. Perez-Serrano*, No. CR 5:13-CV-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020); *see also, e.g., United States v. Chambers,* No. CR 18-47, 2020 WL 4260445, at *5 (E.D. La. July 24, 2020); *United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Ayala-Calderon*, No. 419CR00276ALMKPJ, 2020 WL 1812587, at *2 (E.D. Tex. Apr. 8, 2020); *United States v. Clark*, No. CR 17-85-SDD-

RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020). This must be the rule because if it were otherwise and courts were required to release every prisoner with a fear or risk of contracting COVID-19, the courts "would then be obligated to release every prisoner." *Wright*, 2020 WL 1976828, at *5.

The Court has not located any Fifth Circuit precedent directly addressing this question, but the United States Court of Appeals for the Third Circuit has cited this logic approvingly and noted that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court finds this logic persuasive and that it should apply with equal force to this case. Jarrell's generalized concern of contracting COVID-19 is not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying her release.

Moreover, Jarrell has not demonstrated that the factors under 18 U.S.C. § 3553(a) weigh in favor of her early release.

> These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).  Jarrell, who has twice violated her conditions of supervised release, has not adequately demonstrated that she will not pose a danger to the community if released, or that her release otherwise comports with the applicable § 3553(a) factors.

## III.  CONCLUSION

Jarrell has not demonstrated that she exhausted her administrative remedies, which warrants denial of her Motion.  Even if Jarrell were deemed to have exhausted her administrative remedies, because she has not demonstrated "extraordinary and compelling reasons" warranting her release, the Court may not reduce Jarrell's sentence.  *See* U.S.S.G. § 1B1.13(1)(A).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Brandy Ann Jarrell's Motion [71] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 28th day of July, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE